MORIAL, Judge.
Defendant, Joseph A. Gettys, Jr., appeals from a judgment of the district court awarding plaintiffs, Rita Leny Cavet, wife of/and Charles S. Cavet, Sr., the sum of $4,902.83 and dismissing his reconventional demand.
On June 10, 1972 Charles Cavet was driving and his wife, Rita Leny Cavet, was a passenger in a 1966 Chevrolet when the vehicle was struck in the right rear are by a 1969 Ford being driven by Joseph A. Gettys, Jr. At the time of the accident, both vehicles were proceeding in an easterly direction on Judge Perez Drive in St. Bernard Parish.
Plaintiffs filed suit against Joseph A. Gettys, Jr. and his insurer, Travelers Insurance Company (Travelers), for personal injuries to Mrs. Cavet and property damage to the Cavet vehicle. Subsequently, Gettys and Travelers reconvened against plaintiffs and third partied the Cavets’ insurer, Zurich Insurance Company, for personal injuries to Gettys and property damage to the Gettys vehicle. After trial on the merits, the district court, with written reasons, rendered judgment in favor of plaintiffs and against Gettys and Travelers. The district court further dismissed the re-conventional demand. Gettys alone appeals, Travelers having satisfied the judgment. We affirm'.
Defendant contends the trial court erred in finding him solely responsible for the accident and in failing to find Mr. Cavet contributorily negligent.
The record indicates that Judge Perez Drive is a street divided by a canal with two traffic lanes on each side. Mr. Cavet testified that he and his wife were traveling *808 at approximately 10 to 15 mph in the left lane of Judge Perez Drive when they noticed what appeared to be a car with someone trapped inside in the canal. Mr. Cavet stated he glanced at the car for a second or two and his wife then warned him of an approaching vehicle which was about to overtake them at a high rate of speed from the rear. Mr. Cavet testified he attempted to speed up but the collision nonetheless occurred wherein the left front portion of the Gettys vehicle struck the right rear corner of the Cavet vehicle. Cavet testified that at all times before, during and after the accident his vehicle was in the left lane of Judge Perez Drive.
Mr. Cavet’s testimony was essentially corroborated by an independent eyewitness to the, accident, Henry Castignette. Mr. Castignette was at the time of the accident employed as a security guard for a Western Auto appliance store located approximately 40 to 45 feet from the scene of the accident. Mr. Castignette testified that he had an unobstructed view of the scene of the accident and that prior to the accident he saw the Gettys vehicle proceeding down Judge Perez Drive at a high rate of speed. He stated it was obvious that as Gettys approached the Cavet vehicle from the rear that an accident was about to occur. He further stated that the Cavet vehicle never attempted to change lanes and that at all times it was situated in the left lane.
Defendant was the only witness to testify in his behalf. He testified that prior to the accident he was at all times in the right lane of Judge Perez Drive and that the Cavet vehicle either stopped or substantially slowed in the middle of the block and then began to drift over into the middle of the street. He stated that upon seeing the Cavet vehicle’s brake lights about 40 feet ahead he slowed to about 10 mph. His momentum though pulled him to a position parallel with the Cavet vehicle and the accident occurred as the Cavet vehicle drifted into the center and right side of the right lane and its right rear fender struck his left front door. In deposition, however, Gettys stated that immediately prior to impact he was traveling 20 to 25 mph and that he was only 10 feet from the Cavet vehicle when he first applied his brakes.
After listening to all the witnesses, the trial judge concluded that defendant’s testimony was lacking in credibility and awarded judgment in favor of plaintiffs stating:
“Mr. Gettys’ testimony varied greatly in substantive details from the testimony given at prior sworn depositions. His testimony varied greatly by direct and cross examination also. It was the Court’s opinion that Mr. Gettys was not truthfully answering the questions and was avoiding answering the questions of counsel. It is further the opinion of the Court that if Mr. Gettys had been travel-ling at ten miles per hour before the collision, it would have been impossible for him to cause the damage to the Cavet vehicle, as well as the damage sustained by his vehicle. Therefore, the Court concludes that Mr. Gettys must have been travelling at a greater rate of speed than ten miles per hour. It was the final conclusion of the Court that the Cavets’ were acting in a reasonable and prudent manner under the circumstances and were not creating an emergency for Mr. Gettys’ vehicle, but concluded that Mr. Gettys, by operating his vehicle at an excessive rate of speed on Judge Perez Drive in Chalmette, Louisiana, and by his own testimony, noticed the Cavets’ travelling slowly approximately Yi block away, that Mr. Gettys created his own emergency, thereby, the sole and proximate cause of the collision and the damages and injuries sustained by the Cav-ets’.”
Determinations of credibility of witnesses, being within the province of the trial judge, are not to be disturbed by an appellate court in the absence of manifest error. Our careful review of the record *809 convinces us that no such error has been committed.
The judgment of the trial court is hereby affirmed. Defendant is to pay all costs.
AFFIRMED.